UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL RUBEN LOPEZ,<br>Petitioner,<br>v.<br>SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES, et al.,<br>Respondents. | NO. CV 15-6357-JFW (AGR)<br><br>ORDER TO SHOW CAUSE |

On August 20, 2015, Petitioner filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, it appears that (1) Grounds Two and Three are time-barred, (2) Ground One fails to state a cognizable claim entitling him to federal habeas relief (*see* Rule 4 of the Rules Governing § 2254 cases), and (3) the petition is wholly unexhausted.

The court, therefore, orders Petitioner to show cause on or before ***September 28, 2015***, why this court should not recommend dismissal of the petition.

## I.

## BACKGROUND

On October 31, 2011, Petitioner pled no contest to attempted murder and a gun enhancement. He was sentenced to 25 years in prison. (Petition at 2.)

Petitioner did not appeal or file any habeas petitions in California. (*Id.* at 3.)

On June 24, 2015, Petitioner constructively filed the instant petition in this court in which he raises three grounds. (Petition at 5-6, 8.[1]) In Ground One, Petitioner alleges that pursuant to Proposition 47 he is applying to have the gun enhancement stricken or changed to a misdemeanor. In Ground Two, Petitioner alleges that the gun enhancement was unconstitutional pursuant to *Cunningham*.[2] In Ground Three, Petitioner alleges that his sentence was not "properly distributed," apparently because he was given the low term of five years for the attempted murder and the high term of 20 years for the gun enhancement. (*Id.* at 5-6.)

## II.

## STATUTE OF LIMITATIONS

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts

[1] June 24, 2015, is the date Petitioner signed the petition. The court received the petition on August 17, 2015. There is no proof of service. Nor did a prison official sign and date the back of the envelope containing the petition.

[2] *Cunningham v. California*, 549 U.S. 270, 127 S. Ct. 856, 166 L. Ed. 2d 856 (2007)

running on the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A).

The statute of limitations applies to each claim in a habeas petition on an individual basis. *Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012).

Petitioner was sentenced on October 31, 2011, and did not appeal. (Petition at 2.) Petitioner's conviction became final 60 days later on December 30, 2011. California Rules of Court 8.308(a) (formerly Rule 30.1).

Absent tolling, the petition is time-barred.

**A. Statutory Tolling**

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Petitioner did not file any habeas petitions in California. (Petition at 7.)

**B. Equitable Tolling**

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida,* 130 S. Ct. 2549, 2554, 177 L. Ed. 2d 130 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)). "The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." *Id.* at 2565 (citations and quotation marks omitted). The extraordinary circumstances must have been the cause of an untimely filing. *Pace*, 544 U.S. at 418. "[E]quitable tolling is available for this reason only when '"extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time"' and '"the extraordinary circumstances" were the *cause* of [the prisoner's] untimeliness.'" *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citations omitted, emphasis in original).

There is no indication in the petition that Petitioner is entitled to equitable tolling.

Accordingly, Petitioner is about four and a half years late in challenging his conviction in Grounds Two and Three.

**III.**

**GROUND ONE**

As already noted, in Ground One, Petitioner alleges that pursuant to Proposition 47 he is applying to have the gun enhancement[3] stricken or changed to a misdemeanor.

On November 4, 2014, California voters enacted Proposition 47. *People v. McCoy*, 2015 WL 4749184, *2 (Cal. App. Ct. 2015.) Proposition 47 is codified at Cal. Penal Code § 1170.18. *People v. Sherow*, 2015 WL 4967244, *2 (Cal. App. Ct. 2015.) Section 1170.18(a) permits resentencing of certain felony convictions if the defendant "would have been guilty of a misdemeanor under the act that added this section . . . had this act been in effect at the time of conviction." The act only applies to the following crimes: certain drug offenses codified at Cal. Health and Safety Code §§ 11350, 11357, and 11377; shoplifting codified at Cal. Penal Code § 459.5; forgery codified at Cal. Penal Code § 473; fraudulent checks codified at Cal. Penal Code § 476a; receipt of stolen property codified at Cal. Penal Code § 496; and petty theft codified at Cal. Penal Code § 666.

Accordingly, Petitioner is ineligible to be resentenced under Proposition 47 based on convictions of attempted murder and a gun enhancement.

**IV.**

**EXHAUSTION**

The AEDPA provides that a petition for writ of habeas corpus brought by a

---

[3] In the commission of attempted murder, Petitioner pled no contest that he personally used and discharged a firearm. (Petition at 2); Cal. Penal Code § 12022.53(c).

person in state custody "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

Exhaustion requires that Petitioner's contentions be fairly presented to the state's highest court, in this case the California Supreme Court. *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994). Petitioner bears the burden of demonstrating that he described to the California Supreme Court both the operative facts and the federal legal theory on which his claim is based. *Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995).

Petitioner has never presented any grounds for relief to the California Supreme Court. Thus, the petition appears to be completely unexhausted and is subject to dismissal without prejudice on that basis. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

**V.**

**ORDER TO SHOW CAUSE**

IT IS THEREFORE ORDERED that on or before ***September 28, 2015***, Petitioner shall show cause why the court should not recommend dismissal of the petition based on expiration of the one-year statute of limitations with respect to Grounds Two and Three, failure to state a cognizable claim in Ground One; and failure to exhaust administrative remedies.

**If Petitioner fails to respond to the order to show cause by September 28, 2015, the petition is subject to dismissal.**

DATED: August 27, 2015

ALICIA G. ROSENBERG
United States Magistrate Judge